UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GOLDA HARRIS,** | Civil Action No. 13-3879 (JMV) |
| **Plaintiff,** | |
| v. | |
| | **ORDER** |
| **ERIC BENNET,** *et al.* | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendants' motion to set aside entry of default. [CM/ECF No. 49.] Based upon the following, the motion is **granted.**

1. This is a civil rights case filed by *pro se* Plaintiff Golda Harris ("Plaintiff") against Plainfield Housing Authority, its counsel, and several of its employees ("Defendants") arising out of a dispute related to termination of Plaintiff's housing. Plaintiff, who is an inmate in a correctional facility, seeks money damages and reinstatement of her Section 8 voucher upon release from incarceration.

2. Plaintiff filed this action on September 19, 2014.[1] Following a somewhat complicated and protracted procedural history during which default against Defendants was entered and vacated,[2] Plaintiff moved to reinstate a default judgment motion filed on March 5, 2015, contending that she was never served with Defendants' earlier motion to

---

[1] The Court received Plaintiff's Complaint on June 20, 2013. On September 19, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis* and her Complaint was filed the same day. [CM/ECF. No. 11.]

[2] Default was entered against Defendants on February 20, 2015. Plaintiff filed a motion for default judgment on March 5, 2015. On April 20, 2015, Defendants filed a motion to set aside the default which was granted on May 24, 2015. Defendants filed an Answer on June 30, 2015.

set aside the default filed April 20, 2015.  On March 7, 2016, the Court entered an Order directing that by March 17, 2016: (1) Defendants show cause in writing that Plaintiff was properly served with Defendants' April 20, 2015 motion to set aside the entry of default, and (2) Defendant Dan Smith, Esq. ("Defendant Smith") show cause in writing why he may properly serve as counsel for Defendants when he has also been named as an individual defendant in this matter.  (CM/ECF No. 37.)  Defendants failed to respond because Defendant Smith, who had been acting as the attorney for Defendants, withdrew as counsel due to the possible conflict. (Certification of Avram D. White ("White Certif.") at  9.)  On March 21, 2016, the Court reinstated the default, struck Defendants' Answer, and reinstated Plaintiff's motion for default judgment.  (CM/ECF Nos. 38 and 39.)

   3.  Defendants move to set aside the entry of default.  Defendants maintain that good cause exists to vacate the default.  First, Defendants contend that Plaintiff will not be prejudiced because whether Plaintiff actually has suffered any damages is questionable, and because the relief sought by Plaintiff– reinstatement of her Section 8 voucher– cannot be realized until after her release from prison.  Second, Defendants maintain that their failure to respond to the Court's March 7, 2016 Order to Show Cause was not a wilful disobeyance of the Court's Order but due to Defendant Smith's withdrawal as counsel for Defendants and the delayed retention of substitute counsel. (White Certif. at ¶¶ 14-16.)  Third, Defendants argue that they have several defenses to the Complaint.  Referring to what appears to be Plaintiff's allegation that she was improperly terminated from the Section 8 program because she was not afforded a grievance hearing, Defendants contend that an administrative hearing is not required by law when an eviction is based on criminal activity.  Defendants also raise the defense of lack of subject matter jurisdiction noting that although Plaintiff alleges violations of federal statutory law, her claims appear to be limited substantively to tort and common law.  Finally, Defendants explain that Plaintiff is an inmate in a correctional facility and has filed numerous, allegedly frivolous lawsuits, several of which have been dismissed. Defendants maintain that the claims asserted by Plaintiff in this case are difficult to discern, are facially deficient, and that Defendants should be allowed to assert their defenses and have the case decided on the merits.  For these reasons, Defendants request that the Court vacate the entry of default and provide them with the opportunity to file an appropriate motion to dismiss this case.[2]

   4.  Federal Rule 55(c) provides that the Court "may set aside an entry of default for

---

[2] Plaintiff has submitted two letters to the Court since the filing of Defendants' motion.  A letter dated July 27, 2016, does not appear to be related to this motion at all.  (CM/ECF No. 53.) Plaintiff's letter dated September 5, 2016, appears to be opposition to the motion and requests that the Court "strike the answer" because Plaintiff has been "personally" and "legally" prejudiced.  (CM/ECF No. 54.)

good cause. . . ." On ruling on a motion to set aside a default, the district court must consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). The decision to vacate a default is left primarily to the discretion of the district court. Id. at 194. Courts disfavor defaults. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). "Any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on the merits." Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).

5. Upon a consideration of the factors, the Court concludes that there is good cause to vacate the default.

6. First, Plaintiff will not be prejudiced. Prejudice "concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default." See Ali v. Jersey City Parking Authority, No. 13-2678, 2014 WL 1494578, *3 (D.N.J. April 16, 2014) (citing Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 657 (3d Cir. 1982). There is no showing that Plaintiff's ability to pursue her claim has been hindered or that relevant evidence has been lost. See Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). Nor is there any indication that Plaintiff has substantially relied on the default. Moreover, Plaintiff has not been prejudiced because even if she ultimately were to be successful in obtaining the remedy of reinstatement of her Section 8 voucher, she could not do so until after release from incarceration. Thus, this Court finds that Plaintiff would not suffer demonstrable prejudice if the default were vacated.

7. Second, Defendants contend that they have meritorious defenses. Defendants maintain that this case is just another in a series of frivolous actions filed by Plaintiff. Given that this Court has already dismissed another action filed by Plaintiff against Defendants, and in light of the fact that Defendants have detailed defenses, which if proven, would resolve them of liability, the Court is satisfied that Defendants have a meritorious defense.[3] See Maxlite, Inc. v. M & C Lighting Ltd, No. 12-4072, 2013 WL 6904055, *4 (D.N.J. Dec. 30, 2013) (claimant need not conclusively prove case to demonstrate meritorious defense).

8. Third, Defendants' default was not caused by their culpable conduct. "[M]ore than mere negligence [must] be demonstrated" in order to establish culpability sufficient

---

[3] In making this finding, the Court does not pass on the strength of the complaint or the asserted defenses. See Maxlite, 2013 WL 6904055, *4 (citing SEC v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998)).

to preclude vacatur of default.  <u>Emacasco</u>, 834 F.2d at 75; <u>Appliances v. Tenavision, Inc.</u>, 735 F.2d 1347 (D.N.J. 1982).  A defendant's conduct must have been "taken willfully or in bad faith" to deny a motion to vacate default."  <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 ( 3d Cir. 2000).  Here, Defendants explain that the entry of default was a result of error, oversight and the "bureaucratic inefficiencies" that often hinder public agencies.  (CM/ECF No. 49-1, at 4.)  Defendants' failure to respond to the Court's March 7, 2016 Order to Show Cause was not due to willfulness or bad faith but due to Defendant Smith's withdrawal as counsel and the delay of retaining substitute counsel.

9.  The Court warns Defendants that even though it finds good cause to vacate the entry of default in this instance, they are required to comply with the Federal Rules of Civil Procedure.  This means that Defendants must comply with Court orders in a timely fashion, and that failure to file an Answer, move or otherwise respond to the Complaint as set forth in this Order may result in re-entry of the default and the granting of any motion for default judgment.

**ACCORDINGLY, IT IS on this 28th day of October 2016**

**ORDERED** that, Defendants' motion to vacate entry of default [CM/ECF No. 49] is **granted**; and it is further

**ORDERED** that, Plaintiff's motion for default judgment [CM/ECF No. 23] is **denied**; and it is further

**ORDERED** that, Defendants shall answer, move or otherwise respond to the Complaint no later than **November 11, 2016**; and it is further

**ORDERED** that, Counsel for Defendants shall serve a copy of this Order on Plaintiff within **5** days.

 s/Mark Falk  
**Mark Falk**  
**United States Magistrate Judge**