UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GOLDA D. HARRIS** <br><br> *Plaintiff,* <br><br> v. <br><br> **ERIC BENNET, ZENA SUTTON, RANDALL WOOD, DAN SMITH, ESQ., and PLAINFIELD HOUSING AUTHORITY** <br> *Defendants.* | Civ. Action No. 13-3879 (JMV) <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff Golda D. Harris' unopposed motion for "re-entry of default judgment and summary judgment" against Defendants Eric Bennet, Zena Sutton, Randall Wood, Dan Smith, Esq., and the Plainfield Housing Authority (collectively "Defendants"). D.E. 56. On January 20, 2017, default was entered against Defendants for failing to answer the Complaint.[1] D.E. 59. At the time, Plaintiff had already filed this motion for "re-entry of default judgment and summary judgment." D.E. 56. The Court ordered that if Plaintiff chose to pursue that motion, she must supplement the record within 45 days by setting forth the factual and legal basis to support the motion in accordance with the applicable Federal Rules of Civil Procedure and case law. *Id.* Plaintiff timely submitted two additional filings designated as "supplement to motion for summary judgment" and "exhibits." D.E. 61, 62. The Court considered the written submissions of Plaintiff and considered the motion without oral

---

[1] Prior to the January 20, 2017 Order, default had already been entered against Defendants and vacated multiple times. D.E. 22, 26, 38, 39, 55.

argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is denied. Additionally, Plaintiff, who is proceeding *in forma pauperis*, fails to state a claim in the Complaint. Therefore, the Complaint is dismissed without prejudice.

## I. **BACKGROUND**

The crux of Plaintiff's allegations is that Defendants wrongfully evicted Plaintiff from her home without due process in violation of 42 U.S.C. § 1427d(k) and 42 U.S.C. § 1983. Complaint ("Compl.") at 2, 6. Because Plaintiff's allegations are not entirely clear to the Court, they will be quoted exactly as they appear in the Complaint. In Plaintiff's "statement of claims," she alleges that

> 1. Defendants Bennett, Wood, Sutton and Smith did not allow or give notice to Plaintiff of the notice of termination or the grievance process, even after plaintiff requested it.
>
> 2. The above defendants did not follow the HUD grievance procedures concerning eviction and tenancy terminations.
>
> 3. The above defendants denied plaintiff an opportunity to file a timely appeal or any appeal.
>
> 4. The defendants did not provide safety maintenance and insurance on the premises causing plaintiff injuries, debts, and damages.
>
> 5. The defendants perjured affidavits to avoid responsibility, restitution, compensation, and discovery.
>
> 6. I reserve the right to amend the claims.

Compl. at 6. The relief Plaintiff seeks, as quoted directly from the Complaint, states as follows:

> 1. Removal of LT-801-09 and LT-9518-08 to district court/expedited status.
>
> 2. Remove the $4,560.00 judgment against pl.

3. Removal of possession of the premises.

   4. Joinder of the matters to the LT's and

   5. Reinstatement to the Section 8 Program upon release from incarceration.

   6. Restitution, judgment for: reimbursement, compensation, and injuries, punitive & nominal.

   7. Settlement of the suit, if possible.

   8. Discovery from Defendants -- proof of insurance, etc.

Compl. at 7. Plaintiff seeks damages from Defendants Plainfield Housing Authority for $44,384, Bennet for $27,165, Smith for $25,000, Wood for $5,000, and Sutton for $5,000. Plaintiff also seeks prejudgment interest on these amounts. D.E. 61.

## II. LAW AND ANALYSIS

Plaintiff moves for summary judgment and a default judgment. For the reasons stated below, both motions are denied.

### A. Summary Judgment

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when a dispute over that fact "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Importantly, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 248). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party,

there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). "When analyzing the sufficiency of the evidence, the court must view the facts and any reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment." *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003) (citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992)).

Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Under those circumstances, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. However, to withstand a motion for summary judgment, the nonmoving party need only "come forward with evidence which, if believed, would support a finding in its favor." *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003).

The Local Rules of Civil Procedure provide that "the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1; *see also* Fed. R. Civ. P. 56(c).

Here, Plaintiff's motion for summary judgment is both procedurally and substantively deficient. Plaintiff's motion is procedurally deficient because she did not file a statement of material facts. This deficiency standing by itself is enough for the Court to deny Plaintiff's motion. *See Jacobsen v. Hartford Ins. Co. Flood & Home (Sandy)*, No. 13-6910, 2017 WL 1239145, at *2 (D.N.J. Mar. 31, 2017) ("Plaintiff['s] failure to comply with Local Civil Rule

4

56.1 alone constitutes sufficient grounds for the Court to deny Plaintiffs' Motions."). Additionally, Plaintiff has not submitted a brief or a "statement that no brief is necessary and the reasons therefor." *See* L. Civ. R. 7.1(d). However, even if the Court were to overlook these procedural deficiencies, Plaintiff has not presented sufficient facts to support a viable cause of action.

Plaintiff asserts causes of action under two statutes and two regulations: 42 U.S.C. § 1983; 42 U.S.C. § 1437d(k); 24 C.F.R. 966.51(a)(1); and 24 C.F.R. 966.4(l)(3)(ii). 42 U.S.C. § 1437d(k) provides, in part, that:

> The Secretary shall by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will--
>
> (1) be advised of the specific grounds of any proposed adverse public housing agency action;
>
> (2) have an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (l) of this section;
>
> (3) have an opportunity to examine any documents or records or regulations related to the proposed action;
>
> (4) be entitled to be represented by another person of their choice at any hearing;
>
> (5) be entitled to ask questions of witnesses and have others make statements on their behalf; and
>
> (6) be entitled to receive a written decision by the public housing agency on the proposed action.

Pursuant to 24 C.F.R. 966.51 a "tenant must be given the opportunity for a hearing in court which provides the basic elements of due process . . . before eviction from the dwelling unit." 24 C.F.R. 966.4(l)(3)(ii) provides, among other things, that a notice of termination to a tenant shall

state the specific grounds for the termination and inform the tenant of the right to examine the public housing authority's documents and the tenant's right to request a hearing.

At least one court has suggested that a plaintiff may assert a private cause of action for a violation of 42 U.S.C. § 1437d(k) and obtain a remedy pursuant to 42 U.S.C. § 1983. *See Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 332-33 (E.D.N.Y. 2012). Nonetheless, Plaintiff presents no facts to support her claim for violation of 42 U.S.C. § 1437d(k). Plaintiff submits no evidence describing the alleged eviction, her requests, if any, for a hearing, or the reason(s) Defendants evicted her and denied her a hearing. In short, the Court has not been presented with any competent evidence that would permit it to conduct a legal analysis of Plaintiff's claims. Moreover, the Court has been presented with no facts to support Plaintiff's calculation of damages.[2] Therefore, Plaintiff's motion for summary judgment is denied.

### B. Default Judgment

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly

---

[2] In Plaintiff's supplemental submissions (D.E. 61-62), she makes conclusory statements without providing any underlying factual support. *See e.g.*, D.E. 61 at 10, 13, 16 (alleging violations of "HUD policies and procedures for termination and hearing requirement" and asserting that defendants "[f]ailed to comply with HUD terminancy [sic] notice of appeal and hearing policy and did not schedule my appeal"; "[f]ailed to report plaintiff's injuries to HUD and that he failed to maintain homeowner's insurance . . . on the premises"). These conclusory statements are insufficient to establish Plaintiff's causes of action for purposes of summary judgment.

state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

Here, Plaintiff has not pled a valid cause of action or submitted adequate proof of damages. Plaintiff's Complaint is not pled with the requisite level of specificity to put the Court on notice of her claims. The Court is unaware of the date when Plaintiff was evicted, why she was evicted, or why the eviction was a violation of her rights. Moreover, it is unclear to the Court what role, if any, each of the Defendants played in Plaintiff's alleged eviction. In short, Plaintiff pleads no plausible facts to support the causes of action set forth in the Complaint. Therefore, Plaintiff's Complaint fails to sufficiently state a claim.

Additionally, Plaintiff submits no evidence to support her calculation of damages other than the conclusory statements mentioned above. In a motion for default judgment, "Plaintiff must still offer some proof of damages." *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J.

2009). Plaintiff's failure to provide proof of damages requires that the Court deny the motion for default judgment.

### C. Screening Plaintiff's Complaint

When a Plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case *at any time* if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2) (emphasis added). "A complaint is frivolous if it 'lacks an arguable basis either in law or in fact.'" *Okpor v. Sedgwick CMS*, No. 12-6521, 2013 WL 1145041, at *1 (D.N.J. Mar. 18, 2013) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). And when considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012).

As explained in the prior subsection, the Complaint fails to state a claim upon which relief can be granted. Accordingly, pursuant to the Court's screening obligations of *in forma pauperis* matters, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint within forty-five days of this Opinion. If Plaintiff fails to file an amended complaint within forty-five days, or if the amended complaint fails to state a claim, the Court will dismiss this matter with prejudice. This means that the case is closed and Plaintiff may not re-file another complaint against the named Defendants based on the allegations raised in this case.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment and default judgment is denied. Also, the Complaint is dismissed without prejudice. Within forty-five days of this Opinion, Plaintiff may file an amended complaint correcting the pleading deficiencies

8

identified in this Opinion. If Plaintiff fails to file an amended complaint that plausibly states a claim within forty-five days, the Court will dismiss the Complaint with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 2, 2017

John Michael Vazquez, U.S.D.J.