Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS,<br><br>*Plaintiff,*<br><br>v.<br><br>ERIC BENNET, et al,<br><br>*Defendants.* | Civil Action No. 13-3879<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Plaintiff Golda D. Harris' motion for reconsideration of this Court's Order dismissing her Complaint with prejudice. D.E. 70, 65. Plaintiff's Complaint alleges she was wrongly terminated from public housing in Plainfield, New Jersey. The Court reviewed submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the Plaintiff's motion is **DENIED**.

I.   **Background & Procedural History**

The factual background of this case is taken from this Court's May 2, 2017 Opinion denying Plaintiff's motion for default and summary judgment, and dismissing the Complaint. D.E. 64. The crux of Plaintiff's allegations is that Defendants wrongfully evicted Plaintiff from her home without due process in violation of 42 U.S.C. § 1427d(k) and 42 U.S.C. § 1983. Complaint ("Compl.") at ¶¶2, 6. In Plaintiff's "statement of claims," she alleges that

1

1. Defendants Bennett, Wood, Sutton and Smith did not allow or give notice to Plaintiff of the notice of termination or the grievance process, even after plaintiff requested it.

2. The above defendants did not follow the HUD grievance procedures concerning eviction and tenancy terminations.

3. The above defendants denied plaintiff an opportunity to file a timely appeal or any appeal.

4. The defendants did not provide safety maintenance and insurance on the premises causing plaintiff injuries, debts, and damages.

5. The defendants perjured affidavits to avoid responsibility, restitution, compensation, and discovery.

6. I reserve the right to amend the claims.

Compl. at ¶6. The relief Plaintiff seeks, as quoted directly from the Complaint, states as follows:

1. Removal of LT-801-09 and LT-9518-08 to district court/expedited status.

2. Remove the $4,560.00 judgment against pl.

3. Removal of possession of the premises.

4. Joinder of the matters to the LT's and

5. Reinstatement to the Section 8 Program upon release from incarceration.

6. Restitution, judgment for: reimbursement, compensation, and injuries, punitive & nominal.

7. Settlement of the suit, if possible.

8. Discovery from Defendants -- proof of insurance, etc.

Compl. at ¶7. Plaintiff seeks damages from Defendants Plainfield Housing Authority for $44,384; Bennet for $27,165; Smith for $25,000; Wood for $5,000; and Sutton for $5,000. Plaintiff also seeks prejudgment interest on these amounts.[1] D.E. 61.

Plaintiff filed her Complaint on June 30, 2013. D.E. 1. She filed her application to proceed *in forma pauperis* on January 8, 2014. D.E. 4. Her application to proceed *in forma pauperis* was granted on September 19, 2014, but it does not appear the requisite screening of her Complaint was performed pursuant to 28 U.S.C. §1915(e)(2). D.E. 11. Plaintiff then requested an entry of default, which was granted on February 20, 205. D.E. 22. She then filed a motion for default judgment on March 5, 2015. D.E. 2015. Defendants appeared and submitted a motion to set aside the default on April 20, 2015. Defendants' motion was granted, and they answered the Complaint on June 30, 2015. D.E. 26, 29.

Plaintiff then filed a motion to reinstate the default judgment and vacate Defendants' Answer. D.E. 34. The Court granted Plaintiff's motion on March 21, 2016. D.E. 38. Defendants again filed a motion to set aside the default on June 7, 2016. D.E. 49. The Court granted Defendants' motion on October 28, 2016. D.E. 55.

Plaintiff then filed a motion for re-entry of default and summary judgment. D.E. 56. The Court denied both motions. D.E. 64. In denying the motion for default judgment, the Court determined that the Complaint did not sufficiently plead a cause of action and that Plaintiff had not submitted adequate proof of damages. *Id.* at 7. The Court then performed a screening of the Complaint, which had not previously occurred, and found that Plaintiff had not made plausible

---

[1] Plaintiff appears to be willing to forgo pre-judgment interest if her motion for reconsideration is granted. D.E. 70 at pg. 5. She has also included new damages numbers in her motion, asking for $28,845.00 for damages caused by Bennett, $5,000 for Sutton, $5,000 for Wood, $25,894 for Defendants' former attorney Dan Smith, and $49,768 for the Plainfield Housing Authority. *Id.* at pg. 6.

allegations in the Complaint. *Id.* at 8-9. As a result, the Court dismissed the Complaint without prejudice, allowing Plaintiff to amend the Complaint within 45 days. *Id.* Plaintiff failed to do so, and the Court dismissed the Complaint with prejudice on July 14, 2017. D.E. 68.

Plaintiff then filed a motion for trial by jury, reconsideration, and remand on August 2, 2017. D.E. 70. Plaintiff has also filed an appeal of the dismissal of the Complaint to the Third Circuit. D.E. 72. The Third Circuit has stayed the appeal pending the outcome of this motion. D.E. 74.

## II. Standard of Review

At this stage in the proceedings, after the Complaint has been dismissed, neither Plaintiff's motion for trial by jury or for remand are appropriate. Thus, the Court will only rule on the motion for reconsideration. In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within 14 days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have

been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

**III. Analysis**

Plaintiff does not argue either that there has been an intervening change in the law or that new evidence is available. At best, Plaintiff is moving pursuant to the third prong as to clear error and manifest injustice. She asserts that the Court has shown bias against her and has impermissibly favored Defendants in dismissing the Complaint. However, she presents no evidence or support for this argument, other than her statement that by dismissing her Complaint, and holding her to the standard of an attorney rather than a *pro se* litigant, the Court has treated her unfairly. However, realizing that Plaintiff is proceeding *pro se*, that Defendants' have acted in a dilatory manner, and that Plaintiff's Complaint was never properly screened, the Court gave Plaintiff an opportunity to amend her Complaint to address the deficiencies in her original Complaint. For some unexplained reason, Plaintiff did not file an amended complaint. Because Plaintiff has failed to make a proper showing that entitles her to the "extraordinary remedy" of reconsideration, her motion is denied. *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2007).

**IV. Conclusion**

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of January,

**ORDERED** that Plaintiff's motion for trial by jury, remand, and reconsideration is **DENIED**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

5

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and certified mail return receipt requested.

_____
John Michael Vazquez, U.S.D.J.